**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DAVID K. MENTZELL,

Plaintiff,

vs.

CASE NO. 3:05-cv-617-J-TEM

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

Defendant.

______________________________________

**O R D E R**

Plaintiff's counsel in this Social Security case has filed Plaintiff's Attorneys' Motion for Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. #29). Plaintiff's counsel, Tracy Tyson Miller and Erik W. Berger, seek an award under a contingency fee contract which provides for payment of attorney fees up to twenty-five percent of the past due benefits Plaintiff was awarded in this case if counsel represented Plaintiff in proceedings before the Appeals Council or before a court (Doc. #29, Exh. A). In this instance, Plaintiff's counsel requests this Court award $5,276.87 in attorney fees pursuant to 42 U.S.C. § 406(b), which is less than twenty-five percent of Plaintiff's past due benefits (*see* Doc. #29 at 1 n.1). Plaintiff's counsel filed a notice with the Court representing that Defendant's counsel has no objection to the amount sought in the petition (*see* Doc. #30). To date, the Commissioner has not filed a response to the instant motion and the matter is ripe for the

______________________

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25, Federal Rules of Civil Procedure, Michael J. Astrue is substituted as Defendant herein.

Court's consideration.

***History of case*:**

Plaintiff first filed for Disability Insurance Benefits on September 18, 2002 (Doc. #16, Plaintiff's Memorandum, at 1-2). Plaintiff asserted his disability began March 15, 2002 (Doc. #16 at 2).[2] After being denied initially, and on reconsideration, a hearing was held on October 14, 2004 before Administrative Law Judge (ALJ) William H. Greer. *Id.* The ALJ issued an unfavorable decision on January 28, 2005, and the Appeals Council denied review on June 6, 2005. *Id*. Ms. Miller began representation of Plaintiff after his claim had been initially denied (Doc. #29 at ¶1). Plaintiff then filed a Request for Reconsideration, which was denied. *Id.* After filing a Request for Hearing, Ms. Miller represented Plaintiff at the administrative hearing. *Id.* Upon receiving an unfavorable decision, Plaintiff filed an appeal with the Appeals Council, which denied the request for review (Doc. #29 at ¶2). Plaintiff subsequently filed an appeal in federal court on July 6, 2005 (Doc. #29 at ¶3). Mr. Berger prepared the Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (*Id.*; *see* Doc. #16). The Court in the Middle District of Florida, Jacksonville Division reversed and remanded the case under sentence four of 42 U.S.C. § 405(g), on September 12, 2006 (*see* Docs. #24 and #25).

After occurrence of the sentence four remand, Ms. Miller requested the ALJ issue a fully favorable decision on the evidence of record without a supplemental hearing, which

[2]As the transcript of the underlying administrative proceeding is not available for public review on the record, the Court has relied on the schedule of events as presented in the Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (Doc. #16) and Plaintiff's Attorneys' Motion for Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. #29).

the ALJ granted (Doc. #29 at ¶¶4-5). A fully favorable decision was issued and Plaintiff was ultimately awarded Social Security disability benefits dating back to September 2002 (Doc. #29, Exh. B at 1). Plaintiff's Notice of Award was dated October 15, 2007. *Id.*

Plaintiff was notified that his past due benefits amounted to $42,307.50. *Id.* at 3. Withheld from Plaintiff's past due benefits payment was $5,300.00 for attorney fees and an additional $5,276.80 pending any further legal expenses to which the attorney may be entitled. Thus, the Commissioner withheld a total of twenty-five percent of the total benefit award, which amounted to $10,576.87. *Id*.

Pertinent to the instant motion is the contingent fee agreement Plaintiff entered into with attorney Tracy Tyson Miller on March 25, 2003 (*see* Doc. #29, Exh. A). Terms of the fee agreement specify in relevant part:

> Client agrees if the SSA favorably decides any SSA claim, Client will pay TRACY TYSON MILLER a fee equal to 25% of the past-due benefits resulting from Client's or Client's Family's claim(s) or $5,300, whichever is less. . . . If Client is represented by Attorney in proceedings before the Appeals Council or before a Court, followed by a more favorable outcome, Client will pay Attorney a fee equal to 25% of any past due benefits for Client or Client's family resulting from the claim, without limitation to $5,300.00.

(Doc. #29, Exh. A).

On November 30, 2006, Plaintiff's counsel was awarded $1,350.00 pursuant to the Equal Access to Justice Act (EAJA) (Doc. #27). Plaintiff's counsel has filed a fee petition requesting $5,300.00 pursuant to 42 U.S.C. § 406(a), which is pending (Doc. #29 at 1 n.1).

***Analysis***

Pursuant to 42 U.S.C. § 406(b), an attorney who successfully represents a claimant before the court in a Social Security benefits case may receive a reasonable fee which shall not exceed twenty-five percent of the past-due benefits awarded. Therefore, in such cases,

contingency fee agreements are allowed, and the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The attorney "must show that the fee sought is reasonable for the services rendered." *Id.* Generally, "[t]he 'best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). However, other factors that relate to reasonableness include whether there was unreasonable delay in the litigation caused by the attorney, the quality of representation, the size of the award in relationship to the time spent on the case, and the likelihood of the claimant prevailing. *Id.*; *see Gisbrecht*, 535 U.S. at 808. An attorney who is successful in claiming both EAJA fees from the United States and an award under § 406(b) (which comes out of past-due benefits) must refund "to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart,* 535 U.S. at 796 (finding Congress intended the total amount of past due benefits the claimant actually received to increase by the EAJA award up to 100% of the total benefits). In this action, though Plaintiff's counsel has been awarded EAJA fees (see Doc. #29 at 1 n.1), counsel proposes to refund to Plaintiff the EAJA fees in the amount of $1,350.00 (Doc. #29 at ¶10).

The *Gisbrecht* Court said downward adjustments may be made if the benefits are large in comparison to the amount of time counsel has spent in the case to prevent windfalls. *Id.* at 808. Here, Plaintiff's counsel has stated they collectively spent nine (9) hours representing Plaintiff in the federal court action and thirty-seven (37) hours representing Plaintiff at the administrative level. Having reviewed the record, the Court

finds the requested fee to be reasonable in relation to the amount of time spent on the case.

Counsel spent nine (9) hours representing Plaintiff in federal court (*see* Doc. #29 at ¶11(e)), which equates to an amount per hour of $586.32. Both Tracy Tyson Miller and Erik W. Berger state they typically charge $200-$250 for hourly work (*see* Doc. #29 at ¶11(c)). The Court has noted that $250 per hour constitutes a normal hourly rate for Social Security appeals within this district, and multipliers for the contingency nature of these cases range up to 2.5 times the normal rate.

This Court has previously cited with approval the case of *Ellick v. Barnhart*, 445 F.Supp. 2d 1166, 1168 (C.D. Cal. 2006), where the court analyzed forty-three reported post-*Gisbrecht* decisions. In eight of those cases the attorneys had requested fees which were less than twenty-five percent of the awarded benefits and the courts had approved those requests. *Id.* at 1168-71. In twenty-three of those cases the courts had approved the requested twenty-five percent contingency fees, although using different reasoning. *Id.* In those cases in which fees were reduced by the courts to less than twenty-five percent of the awarded benefits, two courts used *de facto* hourly fees of 2.5 times the attorney's normal hourly rate, three reduced fees to rates the judges considered reasonable based on experience, and in five cases the fees were reduced drastically without precise explanation. *Id*.

The Court's review of this case under the factors referenced in *Gisbrecht* and considering the relative risk of loss in accepting a social security case, reveals as follows:

1. Social Security is one of the primary areas of counsel's law practice.

2. Counsel began representing Plaintiff while the case was at the administrative

level. Counsel filed a nine (9) page memorandum of law in support of their client's position. The memorandum ultimately was persuasive to the requested sentence four remand.

3. The record available to the Court does not evidence any delays caused by Plaintiff's counsel. Indeed, the time line of events in this case suggests that no unreasonable delays occurred.

4. Counsel reportedly spent forty-six (46) hours working on the case, thirty-seven (37) hours in the administrative phases and nine (9) hours in proceedings before the district court, an amount of time the Court considers very reasonable based on the complexity of the case.

5. Counsel always are accepting some risk in taking social security cases under contingency fee contracts because, statistically, roughly fifty percent will lose at the district court level.

6. A baseline figure of $250 per hour has been found reasonable for social security appeals within this district. Courts have applied multipliers to the hourly rate ranging from nothing to 2.5, in order to account for the contingency nature of social security appeals. In this action, a multiplier of 2.5 to the hourly rate of $250 would result in a total fee award for federal court representation of $10,000. Notably, the sought fee is less than this amount and Defendant has not raised any objection to the amount sought.

***Conclusion***

Considering all of the factors in the case, the Court finds the requested fee is reasonable under the direction of *Gisbrecht*. Plaintiff's Attorneys' Motion for Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. #29) in the amount of $5,276.87 is **GRANTED**. However, as required under the statute and *Gisbrecht*, counsel must refund

to the Plaintiff the amount of $1,350.00 representing the EAJA fees previously awarded counsel (Doc. #27).

The Commissioner is directed to pay, from the past due benefits held in escrow in this case, $5,276.87 to Plaintiff's counsel in attorney's fees for representation of Plaintiff before this Court. The Court would respectfully recommend to the Commissioner that the Section 406(b) fees be paid directly to attorney Erik Berger, as it appears his representation of Plaintiff comprised the majority, if not all, of the representation in federal court. Any remainder of the escrowed past-due benefits shall be paid to Plaintiff once the Commissioner resolves any remaining attorney's claim against the escrowed sum.

The Clerk of Court shall enter judgment accordingly.

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of October, 2008.

Thomas E. Morris
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record